# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:06CR-10(2) |
| | § | |
| WHITNEY LEIGH ORTEGO | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed April 18, 2013, alleging that the Defendant, Whitney Leigh Ortego, violated her conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on October 20, 2006, before the Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute 50 grams or more, but less than 500 grams, of a mixture or substance containing a detectable amount of methamphetamine, a Class B felony. This offense carries a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 20 and a criminal history category of III, was 41-51 months. However, where the statutorily required minimum sentence is greater than the maximum of the

applicable guideline range, it becomes the guideline sentence. In this case, it was 60 months. The Defendant was sentenced to 60 months' imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include: mandatory drug testing, drug aftercare, and a $100 special assessment.

## II. The Period of Supervision

The Defendant completed her period of imprisonment on July 15, 2010, and began her term of supervised release. On December 13, 2012, the Court issued a warrant for the Defendant's arrest based upon her continued drug use and possession of drug paraphernalia. On January 17, 2013, an order terminating her petition and directing her release was filed to allow the Defendant to participate in inpatient drug treatment at Franklin House South.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on April 18, 2013, alleging one violation: the Defendant was unsuccessfully discharged from Franklin House South for failure to return to the facility in violation of her special condition that she participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Department, until such time as the Defendant is released from the program.

## IV. Proceedings

On May 20, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the one

allegation, which asserted that she violated a special condition of supervised release, to wit: "The Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Officer, until such time as the Defendant is released from the program by the probation officer."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of eight (8) months' imprisonment with a 2 year term of supervised release to be imposed after release, including 180 days in a halfway house upon her release from prison.

### V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by being unsuccessfully discharged from the Franklin House South for failing to return to the facility, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of revocation of

supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment is at least one month but not more than 6 months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the Court may include a requirement that the Defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that she violated her conditions of supervised release by being unsuccessfully discharged from Franklin House South for failing to return to the facility. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and her criminal history category is III. Policy guidelines suggest 5 to 11 months' imprisonment. The Defendant repeatedly did not comply with the conditions of her supervision, and she has demonstrated an unwillingness to adhere to conditions of supervision by being unsuccessfully discharged from Franklin House South for failing to return to the facility.

As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of eight (8) months' imprisonment with two (2) years of supervised release to follow, including 180 days in a halfway house upon release from prison. While on supervised release, the Defendant shall not commit another federal, state, or local

crime, and shall comply with the standard conditions that have been adopted by the Court, as well as the following additional special conditions: a) the Defendant shall provide the probation officer with access to any requested financial information for the purposes of monitoring efforts to obtain and maintain employment; b) the Defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility; c) the Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance; d) the Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer; and e) the Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer.

### VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by being unsuccessfully discharged from Franklin House South for failing to return to the facility.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of eight (8) months with two (2) years of supervised release to follow. Such term of supervised release shall include 180 days in a halfway house upon her release from prison.

4. The Defendant requested to serve her term of imprisonment at the Federal Correctional Complex (FCC) in Bryan, Texas to facilitate family visitation. The undersigned requests the Court to recommend this facility to the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived her right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 22nd day of May, 2013.

_____
Zack Hawthorn
United States Magistrate Judge