# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:06-CR-10-2 |
| | § | |
| WHITNEY LEIGH ORTEGO | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed August 4, 2015 alleging that the Defendant, Whitney Leigh Ortego, violated her conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Whitney Leigh Ortego was sentenced on October 20, 2006, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Possession with Intent to Distribute 50 Grams or More, but Less than 500 grams, of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 20 and a criminal hertory category of III, was 60 months. Ortego was subsequently sentenced to 60 months of imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include mandatory drug testing, drug aftercare, and a $100 special assessment.

## II. The Period of Supervision

On July 15, 2010, Ortego completed her period of imprisonment and began service of the supervision term.

On December 13, 2012, the Court issued a warrant for Ortego's arrest based on her continued drug use and possession of drug paraphernalia. On January 17, 2013, an order terminating petition and directing her release was filed to allow Ortego to participate in inpatient drug treatment at the Franklin House South.

On June 10, 2013, Ortego's term of supervised release was revoked. She was subsequently sentenced to 8 months of imprisonment followed by an additional 24 months of supervised release.

On May 2, 2014, Ortego's conditions of supervision were modified to remove the condition requiring her to serve 180 days in a residential reentry center.

On September 24, 2014, Ortego's conditions of supervision were modified to include 180 days placement in a residential reentry center.

On June 26, 2015, Ortego's conditions of supervision were modified to include that she be placed in a residential reentry center placement until the expiration of her supervision term on November 18, 2015.

## III. The Petition

United States Probation filed a petition that alleges that Ortego violated the following special condition that she reside in a residential reentry center or similar facility, in a community corrections component, until the expiration of her supervision term on November 18, 2015. The petition alleges that Ortego failed to report to the Liedel Residential Reentry Center on July 7, 2015.

## IV. Proceedings

On January 15, 2016, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the allegation that she failed to report to the Residential Reentry Center as instructed. The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of ten (10) months' imprisonment, which includes one hundred and thirty-four days (134) placement in a residential reentry center, with no term of supervised release to follow.

## V. Principles of Analysis

Statutory Provisions:

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison

if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years. Since Ms. Ortego's original term of supervised release was revoked, and she was ordered to serve 8 months imprisonment, her new statutory maximum term of imprisonment becomes 28 months.

Violation Guideline Provisions:

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Ortego violated conditions of supervision by failing to report to Leidel Residential Reentry Center on July 7, 2015, as instructed, Ortego will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal hertory category of III, the guideline imprisonment range is 5 to 11 months.

General Guideline Provisions:

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. Ortego was to enter Leidel Residential Reentry Center on July 7, 2015, and remain there until November 18, 2015, the conclusion of her supervision term. She did not report as directed. As such, Ortego has 134 days of unserved community confinement that will be converted to an equivalent period of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the hertory and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that she violated a special condition by failing to report to the Liedel Residential Reentry Center on July 7, 2015 as instructed. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and her criminal hertory category is III. The guideline imprisonment range is 5 to 11 months. The Defendant did not comply with the conditions of her supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of ten (10) months' imprisonment, which includes one hundred and thirty-four (134) days unserved in a Residential Reentry Center, with no supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that she violated a special condition of release by failing to reside in a residential reentry center until the expiration of her supervision term on November 18, 2015.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of sentence of ten  (10) months' imprisonment, which includes one hundred and thirty-four (134) days in a Residential Reentry Center, with no supervised release to follow.

The Defendant requested to serve her term of imprisonment at the Federal Correctional Complex (FCC) in Bryan, Texas.  The undersigned requests the court to recommend this facility to the Bureau of Prisons.

## VIII.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must:  (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length.  See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy

of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of January, 2016.

_____
Zack Hawthorn
United States Magistrate Judge